# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEANINE L. JACKSON
d/b/a CHEYENNE'S

        Plaintiff,        Case No. 05-C-0142

        v.

NEW ARCADE LLC, NORTHWESTERN
MUTUAL, FAISON ASSOCIATES, and
POLACHECK PROPERTY MANAGEMENT,

        Defendants.

## OPINION AND ORDER

Plaintiff Jeanine Jackson is suing New Arcade, L.L.C., Northwestern Mutual, Faison Associates, and Polacheck Property Management for terminating her lease and evicting her from a retail sales site in a downtown Milwaukee shopping center (The Grand Avenue) where she sold shoes. Her sole federal claim is that she was discriminated against because she is African American. It appears that she is also raising state law claims. According to her Amended Complaint, the only relief the Plaintiff is seeking is punitive damages. See 42 U.S.C. § 1982. The Defendants have denied liability and, after the close of all discovery, have moved for summary judgment on the grounds that no material facts are in dispute and that they are entitled to judgment as a matter of law. See Federal Rule of Civil Procedure 56(c).

One fact upon which all the parties agree is that, after Jackson was unable to pay the current rent and accrued delinquent rent and refused to vacate the

premises, Defendant New Arcade, L.L.C., commenced eviction proceedings and obtained a judgment against her in the Circuit Court of Milwaukee County. See Affidavit of Mark D. Malloy in Support of the Defendants' Motion for Summary Judgment at Exhibit L (filed July 28, 2005). See also untitled document containing Plaintiff's amended proposed findings of fact at ¶ 31 (filed December 12, 2005). The fact that a judgment of eviction was entered in the state court calls into question this court's subject matter jurisdiction due to the operation of the Rooker-Feldman doctrine. The Seventh Circuit has explained that:

> The Rooker-Feldman doctrine derives its name from two decisions of the United States Supreme Court, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Simply put, the Rooker-Feldman doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments ⋯ [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Brokaw, 305 F.3d at 664. Therefore, if a claim is barred by the Rooker-Feldman doctrine, the federal court lacks subject matter jurisdiction over the case. Id.
>
> In applying the Rooker-Feldman doctrine, the immediate inquiry is whether the "federal plaintiff seeks to set aside a state court judgment or whether [she] is, in fact, presenting an independent claim." Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir.1996). Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry. However, federal claims presented to the district court that were not raised in state court or that do not on their face require review of a state court's decision may still be subject to Rooker-Feldman if those claims are "inextricably intertwined" with a state court judgment. See Brokaw, 305 F.3d at 664. While "inextricably intertwined" is a somewhat

> metaphysical concept, the "crucial point is whether 'the district court is in essence being called upon to review the state-court decision.' " Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993) (quoting Feldman, 460 U.S. at 483-84 n. 16, 103 S.Ct. 1303). The determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy. See Long v. Shorebank Development Corp., 182 F.3d 548, 555 (7th Cir.1999).

Taylor v. Federal National Mortgage Association, 374 F.3d 529, 532-33 (7th Cir. 2004).

In this case, Jackson's discrimination claims are inextricably intertwined with the state court's judgment of eviction. Jackson contends that the Defendants treated her differently from the non-African American mall tenants so that they could ruin her business and evict her. Absent the eviction order, Jackson would not have suffered the injuries for which she now seeks punitive damages.

There is nothing in the record to suggest that the Plaintiff did not have a reasonable opportunity to raise the section 1982 claim in state court. The state court "Notice of Entry of Judgment" reveals that she was represented by counsel during the eviction proceeding. See Affidavit of Mark D. Malloy in Support of the Defendants' Motion for Summary Judgment at Exhibit L (filed July 28, 2005). Moreover, there is no general procedural bar to a defendant raising discrimination claims in eviction proceedings in Wisconsin courts. See, e.g., Volunteers of America National Services v, Kahn, 705 N.W.2d 905 (Wis. App. September 13, 2005).

Although only Defendant New Arcade was a party to the eviction action, privity among Defendants is not required for purposes of the Rooker-Feldman doctrine. See ITT Corporation v. Intelnet International Corporation, 366 F.3d 205, 216 n.19 (3d

3

Cir. 2004). Therefore, the court concludes that the Plaintiff's claims against each of the Defendants are barred by the Rooker-Feldman doctrine and ORDERS that this action is dismissed for lack of subject matter jurisdiction. See Federal Rule of Civil Procedure 12(h).

IT IS FURTHER ORDERED that the "Defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56" (filed July 28, 2005) IS DENIED without prejudice because this action is being dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the "Defendant Faison & Associates, L.L.C.'s Motion to Join in Defendants New Arcade, L.L.C.', Northwestern Mutual, and Polacheck Property Management's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56" (filed August 15, 2005) IS DENIED without prejudice because this action is being dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a judgment of dismissal as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Plaintiff Jeanine L. Jackson d/b/a Cheyenne's brought this action against Defendants New Arcade L.L.C., Northwestern Mutual, Faison Associates, and Polacheck Property Management before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the court having concluded that it does not have subject matter jurisdiction over the claims raised,
>
> IT IS ORDERED AND ADJUDGED
>
> that this action is dismissed with prejudice.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 14th day of December, 2005.

s/ Thomas J. Curran<br>
Thomas J. Curran<br>
United States District Judge